STATE OF WEST VIRGINIA

*ex rel.* THURMAN FRANKLIN DYE

*v.*

DONALD E. BORDENKIRCHER,

*Warden, West Virginia Penitentiary,*

AND WILLIAM L. FURY, *Judge of the*

*Circuit Court of Lewis County*

(No. 15345)

Decided December 3, 1981.

*Robert M. Morris, Roger L. Thompson* for relator.

*Chauncey H. Browning,* Attorney General, and *Eliza-beth Z. Murphy,* Assistant Attorney General, for respondents.

McHUGH, JUSTICE:

This case is before this Court on an original petition for habeas corpus filed by Thurman Franklin Dye.

Thurman Franklin Dye was convicted of armed robbery by a jury in Lewis County on March 20, 1980. On March 26, 1980, the petitioner was sentenced to twenty-five years imprisonment at the West Virginia State Penitentiary in Moundsville. On April 2, 1980, the petitioner filed an application for a postponement of execution of his sentence with the circuit court. A postponement of sixty days was granted. On August 29, 1980, the petitioner applied to the circuit court for an extension of the postponement of the execution of his sentence. The application for an extension was denied by the circuit court. The petitioner was then transferred from the Lewis County Jail to the West Virginia State Penitentiary.

On November 17, 1980, the petitioner applied for, and the circuit court granted, a four-month extension of time to appeal his armed robbery conviction. On March 26, 1981, a petition for appeal from the judgment of the Circuit Court of Lewis County was filed with this Court. On May 26, 1981, the petition for appeal in Case No. 15244, *State of West Virginia v. Thurman Franklin Dye*, was granted by this Court. On June 22, 1981, the petitioner filed motions with the Circuit Court of Lewis County for bail pending resolution of his appeal and for an order returning him to the county jail in Lewis County. The motions were denied by the Circuit Court of Lewis County the following day. The petitioner then filed this petition for habeas corpus.

He seeks "an immediate stay of any further proceedings and of the further execution of the sentence" imposed for his armed robbery conviction. The petitioner contends that his continued incarceration in the West Virginia State Penitentiary is punishment for a crime before the conviction becomes final.[1] The petitioner argues that, because this Court has held that the postponement of the execution of the sentence provision of *W. Va. Code*, 62-7-1 [1931], is mandatory,[2] the stay of proceedings provision of *W. Va. Code*, 62-7-2 [1931], should also be mandatory. The petitioner's final argument is that his continued incarceration at the penitentiary, during the pendency of his appeal in Case No. 15244, violates the stay of proceedings provision of *W. Va. Code*, 62-7-2 [1931].

There is no merit in the petitioner's contention that he is serving time for a crime before his conviction has become final. We recently said:

> In West Virginia, the rule is that the sentence pronounced becomes final at the end of the term at

---

[1] Thurman Franklin Dye, in his petition, alleges that he is presently incarcerated at the West Virginia State Penitentiary at Moundsville. The State, however, in its answer, denies that allegation and asserts that the petitioner is presently confined in the Harrison County Correctional Center awaiting retrial on a murder charge. *See State v. Dye, ____ W. Va. ____, 280 S.E.2d 323 (1981).

[2] *State ex rel. Bennett v. Whyte*, 163 W. Va. 522, 258 S.E.2d 123 (1979).

which it is declared. [Citations omitted.] We find no authority in this State to the contrary and note that although no writ of error or supersedeas was issued in this case, even if it had been, the effect of the writ would have been not to supersede the judgment of conviction, but merely to stay enforcement of the judgment in the case after the writ issued until the final decision of this Court. [Citations omitted.] A writ of error does not operate to vacate the judgment of the trial court; the judgment remains pronounced throughout the appellate process.

*State ex rel. Miller v. Bordenkircher,* ____ W. Va. ____, 272 S.E.2d 676 (1980). The petitioner's conviction of armed robbery in this case was, therefore, final at the end of the March, 1980, term of the Lewis County Circuit Court. *See, W. Va. Code,* 51-2-1z [1951].

The petitioner's arguments relating to the statutory provisions for the postponement of the execution of the sentence in criminal cases, and the stay of proceedings after a writ of error is awarded, raise more complex procedural questions. *W. Va. Code,* 62-7-1 [1931], and *W. Va. Code,* 62-7-2 [1931], control vital aspects of post-conviction criminal procedure.[3]

---

[3] *W. Va. Code,* 62-7-1 [1931], provides, in pertinent part:
"Upon the application of any person entitled, under the provisions of article five, chapter fifty eight of this Code, to an appeal or writ of error from the judgment a *[sic]* circuit court convicting him of any offense or crime, the circuit court or the judge thereof in vacation, shall make an order postponing the execution of the sentence for a reasonable time to enable him to prepare and present bills of exceptions and to secure a transcript of the evidence before the court at the trial, and until a reasonable time beyond the first day of the next term of the supreme court of appeals."
*W. Va. Code,* 62-7-2 [1931], provides, in pertinent part:
"A writ of error, awarded under the provisions of article five, chapter fifty eight of this Code to any judgment of a circuit court referred to in the preceding section, shall operate as a stay of proceedings in the case until the decision of the supreme court of appeals therein."

The term "postponing the execution of the sentence" in *W. Va. Code,* 62-7-1 [1931], is not synonymous with the term "stay of proceedings" in *W. Va. Code,* 62-7-2 [1931]. The distinction between a stay of proceedings under *W. Va. Code,* 62-7-2 [1931], and a postponement of the execution of a sentence under *W. Va. Code,* 62-7-1 [1931], becomes apparent upon consideration of the meaning of those terms. A postponement of the execution of a sentence refers to one specific event in a criminal case. Sentence is imposed in a criminal case after an adjudication of guilt by the trier of fact. *See, W.Va.R.Cr.P.* 31 & 32. A sentence is executed when it is implemented. A sentence of imprisonment, for example, would be executed upon commitment to the ordered place of incarceration of the person so sentenced.

"Stay of proceedings" as used in *W. Va. Code,* 62-7-2 [1931], however, is a much broader term. The word "stay" has been defined as:

> [A] suspension of the case or some designated proceedings within it. It is a kind of injunction with which a court freezes its proceedings at a particular point. It can be used to stop the prosecution of the action altogether, or to hold up only some phase of it, such as an execution about to be levied on a judgment.

*Black's Law Dictionary* 1267 (5th ed. 1979). A postponement of the execution of the sentence in a criminal case under *W. Va. Code,* 62-7-1 [1931], delays that one specific event in the case. A stay of proceedings under *W. Va. Code,* 62-7-2 [1931], however, stops all action in the circuit court which otherwise might occur in a case after the stay takes effect. When this Court grants a petition for appeal all proceedings in the circuit court relating to the case in which the petition for appeal has been granted are stayed pending this Court's decision in the case. Such stay of proceedings is mandatory under *W. Va. Code,* 62-7-2 [1931].

In the case presently before us the petitioner's sentence was executed prior to the time when the stay of proceed-

ings under *W. Va. Code*, 62-7-2 [1931], became effective.[4] The petitioner is not incarcerated at the West Virginia State Penitentiary as a result of a proceeding that occurred after the stay of proceedings became effective. *W. Va. Code*, 62-7-2 [1931], therefore, was not violated and does not require the petitioner's return to Lewis County pending our decision in Case No. 15244.

> The writ of error does not in fact supersede the judgment of conviction in a felony case, but under our law only operates [as] a stay of proceedings in the case, after the writ issues, * * * until the decision of the Supreme Court of Appeals. Therefore if a judgment of conviction of a felony be rendered by a circuit court upon a verdict of a jury finding the prisoner guilty of a felony and fixing his term of imprisonment in the penitentiary be not executed, before the writ of error issues, the prisoner is not taken to the penitentiary by the sheriff or other officer, until after the judgment of conviction is affirmed by the Supreme Court of Appeals. * * * But, if the prisoner has been delivered in the penitentiary, before the writ of error issues, * * * he remains there to abide the decision and action of the Supreme Court of Appeals upon the writ of error in the case.

*State v. Conners*, 20 W. Va. 1, 10-11 (1882).

The petitioner argues that the circuit court should have granted his motions for bail and return to Lewis County. Those motions were made on June 22, 1981—a month after this Court had granted the petition for appeal in Case No. 15244. The Circuit Court of Lewis County, at that late date, was not the proper forum for those motions because

---

[4] An expeditious filing of a petition for appeal so as to gain the benefit of the stay of proceedings under *W. Va. Code*, 62-7-2 [1931], may be made while the postponement of the execution of the sentence is still in effect. If the normal process of appeal appears too time consuming to achieve this result, an appellant can seek an expedited appeal under *W. Va. R. App. P.* 4A. Short of expeditiously filing the petition for appeal as contemplated by *W. Va. Code*, 62-7-1 [1931], or seeking an expedited appeal under *W. Va. R. App. P.* 4A, an appellant may apply to this Court under *W. Va. R. App. P.* 6(c) for an extension of the postponement of the execution of his sentence.

all the proceedings there were automatically stayed under *W. Va. Code,* 62-7-2 [1931], as May 26, 1981, when this Court granted the petition for appeal in Case No. 15244. When the stay of proceedings under *W. Va. Code,* 62-7-2 [1931], is in effect the proper method of seeking bail pending appeal is by a petition for habeas corpus to this Court. *See generally, State v. Bouchelle,* 134 W. Va. 34, 61 S.E.2d 232 (1949); *In re State ex rel. Eplin,* 132 W. Va. 610, 53 S.E.2d 614 (1949); *Ex parte Hill,* 51 W. Va. 536, 41 S.E. 903 (1902). We have previously considered and denied, by an order dated September 29, 1981, the petitioner's application for bail made by this petition for a writ of habeas corpus. We do not alter that order by this opinion. The petitioner's argument that *W. Va. Code,* 62-7-2 [1931] requires his return to Lewis County pending the disposition of his appeal in Case No. 15244 is without merit. The writ of habeas corpus previously granted, therefore, is discharged.

*Writ discharged.*