# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

**September 2016 Term**

_____

**No. 15-0714**

_____

**FILED**
**September 22, 2016**
**released at 3:00 p.m.**
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA,**
Respondent

**V.**

**GERALD DOOM,**
Petitioner

_____

**Appeal from the Circuit Court of Braxton County**
**Honorable Richard Facemire, Judge**
**Criminal Action No. 15-F-5**

**AFFIRMED**

_____

**Submitted:  September 14, 2014**
**Filed:  September 22, 2016**

**Patrick Morrisey**
**Attorney General**
**Zachary Aaron Viglianco**
**Assistant Attorney General**
**Charleston, West Virginia**
**Attorneys for Respondent**

**Kevin W. Hughart**
**Christen M. Justice**
**Hughart Law Office**
**Sissonville, West Virginia**
**Attorneys for Petitioner**

**JUSTICE DAVIS delivered the Opinion of the Court.**

**SYLLABUS BY THE COURT**

1.    "When the Supreme Court of Appeals of West Virginia grants a petition for appeal all proceedings in the circuit court relating to the case in which the petition for appeal has been granted are stayed pending this Court's decision in the case.  Such stay of proceedings is mandatory under W. Va. Code, 62-7-2 [(1923) (Repl. Vol. 2015)]."  Syllabus point 2, *State ex rel. Dye v. Bordenkircher*, 168 W. Va. 374, 284 S.E.2d 863 (1981).

2.    We expressly disapprove of any language in *Rhodes v. Ballard*, No. 15-0430, 2016 WL 1550430 (W. Va. Apr. 15, 2016) (memorandum decision), that suggests this Court does not have jurisdiction over a final judgment order in a criminal appeal while a Rule 35(b) motion under the West Virginia Rules of Criminal Procedure is pending in circuit court.  A final judgment order is not made interlocutory because of the pendency of the Rule 35(b) motion.

3.    "Prior to the 1994 amendments, West Virginia Code § 61-3A-3(c) (1981) was unconstitutional in that it violated the cruel and unusual proscription of the Eighth Amendment to the United States Constitution and Article III, Section 5 of the West Virginia Constitution by imposing a disproportionate sentence to the crime committed by

expressly prohibiting probation and implicitly prohibiting alternative sentencing." Syllabus point 5, *State v. Lewis*, 191 W. Va. 635, 447 S.E.2d 570 (1994).

4.　　Consistent with Syl. pt. 5 of *State v. Lewis*, 191 W. Va. 635, 447 S.E.2d 570 (1994), W. Va. Code § 61-3A-3(c) (1994) (Repl. Vol. 2014) does not violate the cruel and unusual proscription of the Eighth Amendment to the United States Constitution and Article III, Section 5 of the West Virginia Constitution, because it expressly permits alternative sentencing.

**Davis, Justice:**

This is a criminal appeal by Gerald Doom (Mr. Doom) from an order of the Circuit Court of Braxton County, sentencing him to imprisonment upon his guilty plea to third offense shoplifting. The circuit court imposed a sentence of one to ten years imprisonment that was to be served consecutively to a sentence previously imposed in Monongalia County. Here, Mr. Doom argues that the circuit court committed error in denying his pre-sentencing motion for an alternative sentence.[1] While this case was pending, this Court asked the parties to brief the issue of whether Mr. Doom's post-sentencing motion under Rule 35(b) of the West Virginia Rules of Criminal Procedure deprived this Court of jurisdiction to hear this appeal. The parties briefed the issue. After a careful review of the briefs, the record submitted on appeal, the applicable law and listening to the argument of the parties, we have determined that we have jurisdiction over this appeal. We affirm.

## I.
## FACTUAL AND PROCEDURAL HISTORY

On June 14, 2014, an employee at an auto store in Braxton County observed Mr. Doom place store items in his pants pockets. The employee confronted Mr. Doom and

---

[1]Mr. Doom also asked the circuit court to allow his sentence to run concurrently with the Monongalia County sentence. The denial of this request has not been assigned as error by Mr. Doom.

1

observed a light shining from one of the pockets of his pants. The employee asked Mr. Doom to empty his pockets. Mr. Doom removed a stolen flashlight and three air fresheners from his pockets. The police were summoned and eventually arrested Mr. Doom while he was outside the store.

After a criminal complaint was filed against Mr. Doom, a grand jury returned an indictment against him on February 3, 2015, charging him with third offense shoplifting. Through his court appointed counsel, Mr. Doom reached an agreement with the State to plead guilty to the indictment in exchange for the State recommending the sentence imposed run concurrent to a felony shoplifting sentence that was imposed by the circuit court in Monongalia County.

A plea hearing was held before the circuit court on April 27, 2015. At the hearing, the circuit court accepted the guilty plea. A sentencing hearing was scheduled for June 22, 2015. During that hearing, Mr. Doom asked the court to impose an alternative sentence to imprisonment. The court denied the request and sentenced Mr. Doom to one to ten years in prison. The sentence was ordered to run consecutive to the sentence imposed on Mr. Doom in Monongalia County. Mr. Doom thereafter filed a motion under Rule 35(b) seeking to modify his sentence. While that motion was pending, Mr. Doom perfected his appeal of the sentence with this Court. After the appeal was filed, this Court required the

2

parties brief the issue of whether jurisdiction was proper with this Court while the Rule 35(b) motion was pending before the circuit court.

## II.
## STANDARD OF REVIEW

In this appeal, Mr. Doom has asked this Court to review the circuit court's sentencing order. We have held that "[t]he Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands. Syl. pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). Indeed, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). With these principles in mind, we turn to the issues in this appeal.

## III.
## DISCUSSION

### A. A Motion under Rule 35(b) of the West Virginia Rules of Criminal Procedure That Is Pending in Circuit Court Has No Effect on this Court's Appellate Jurisdiction of a Final Judgment Order

Before we address the merits of Mr. Doom's appeal, we must first resolve an issue that we asked the parties to brief. The parties noted in their briefs that Mr. Doom filed a motion under Rule 35(b) of the West Virginia Rules of Criminal Procedure to alter his

3

sentence before filing this appeal.[2]  As a result of language in a recent Memorandum Decision, *Rhodes v. Ballard*, No. 15-0430, 2016 WL 1550430 (W. Va. Apr. 15, 2016), we asked the parties to brief the issue of the impact of Mr. Doom's pending Rule 35(b) motion on this Court's jurisdiction to hear the appeal.  *Rhodes* was an appeal of the denial of a habeas corpus petition by the circuit court.  In the recitation of the procedural history of the case, this Court noted the following:

> Following the sentencing hearing, petitioner filed a pro se motion to withdraw his guilty plea, and petitioner's counsel filed a motion for reduction of sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure.  In the Rule 35(b) motion, petitioner's counsel argued that the circuit court should reconsider its decision not to give petitioner an opportunity for parole.  On September 22, 2010, while the post-sentencing motions were pending, petitioner's counsel filed an appeal in this Court from the May 27, 2010, sentencing order in *State v. Rhodes*, No. 101329.  The State filed a motion to dismiss the appeal on the ground that it was interlocutory.  On January 27, 2011, we dismissed petitioner's appeal without prejudice

---

[2]Rule 35(b) provides in full:

Reduction of Sentence.  A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation.  The court shall determine the motion within a reasonable time.  Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

*Rhodes*, No. 15-0430, 2016 WL 1550430, at *1.

In his supplemental brief, Mr. Doom argues that we should "follow in the steps of [the] opinion in *Rhodes v. Ballard* and find that [the Court] does not have jurisdiction to consider a direct appeal of a sentencing order when a subsequent Rule 35 Motion is pending before the circuit court." We reject this argument. As we explain below, *Rhodes* does not represent a correct statement of the law regarding the impact of a pending Rule 35(b) motion on an appeal of a final judgment order.[3]

In the decision of *State ex rel. Dye v. Bordenkircher*, 168 W. Va. 374, 284 S.E.2d 863 (1981), this Court was called upon to decide what authority circuit courts have on pending motions once an appeal has been granted.[4] The defendant in *Dye* was convicted of armed robbery. After this Court accepted the defendant's petition for appeal, he filed

---

[3]We note in passing that the defendant in *Rhodes* filed a pro se motion to withdraw his guilty plea with the trial court after he was sentenced. This motion was not properly before the circuit court under Rule 32(e) of the West Virginia Rules of Criminal Procedure. Rule 32(e) divests a sentencing court of jurisdiction over a motion to withdraw a guilty plea after a sentence has been imposed. Rule 32(e) provides:

> If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea if the defendant shows any fair and just reason. At any later time, a plea may be set aside only on direct appeal or by petition under W. Va. Code § 53-4A-1.

[4]Neither party in this appeal cited to or briefed the *Dye* opinion or the statute that it construed.

5

motions with the circuit court to grant him bail pending appeal and to have him returned from prison to the county jail pending the outcome of the appeal. The motions were denied. The defendant then filed a habeas corpus petition challenging the denial of the motions.[5] The defendant argued that the trial court should have granted his motions because his sentence would not become final until his appeal was decided. We rejected this argument and noted that the circuit court "was not the proper forum for those motions because all the proceedings there were automatically stayed under W. Va. Code, 62-7-2 [(1923) (Repl. Vol. 2014)] . . . when this Court granted the petition for appeal[.]" *Dye*, 168 W. Va. at 379-80, 284 S.E.2d at 867. We ultimately set out the following in syllabus point 2 of *Dye*:

> When the Supreme Court of Appeals of West Virginia grants a petition for appeal all proceedings in the circuit court relating to the case in which the petition for appeal has been granted are stayed pending this Court's decision in the case. Such stay of proceedings is mandatory under W.Va. Code, 62-7-2 [(1923) (Repl. Vol. 2014)].

The decision in *Dye* and W.Va. Code § 62-7-2[6] control the question of this Court's jurisdiction over an appeal when a motion under Rule 35(b) is pending in the circuit

---

[5]The defendant presented other issues in the habeas petition.

[6]We note that although appeals were not automatically allowed at the time of *Dye*, this does not effect the application of that decision to our new rules of appellate procedure. *See* W. Va. R. App. P., Rule 5(h).

court.[7]  Under those authorities, the circuit court is without jurisdiction to resolve a Rule 35(b) motion while an appeal is pending before this Court.  In other words, this Court has jurisdiction to hear any appeal that has been perfected, regardless of a pending motion in circuit court.  It is the circuit court's jurisdiction that is stayed pending this Court's resolution of an appeal.  Further, the filing of a Rule 35(b) motion does not make a final sentencing order interlocutory for purposes of an appeal.  We therefore make clear, and so hold, that we expressly disapprove of any language in *Rhodes v. Ballard*, No. 15-0430, 2016 WL 1550430 (W. Va. Apr. 15, 2016) (memorandum decision), that suggests this Court does not have jurisdiction over a final judgment order in a criminal appeal while a Rule 35(b) motion under the West Virginia Rules of Criminal Procedure is pending in circuit court.  A final judgment order is not made interlocutory because of the pendency of the Rule 35(b) motion.

Our decision on this matter is consistent with federal case law on the subject. Prior to an amendment that rewrote federal Rule of Appellate Procedure 35(b) in 1987, the federal rule was identical to our Rule 35(b).[8]  The decision in *United States v. Holloway*, 740

---

[7]The relevant text of W.Va. Code § 62-7-2 provides:

> A writ of error, awarded under the provisions of article five, chapter fifty-eight of this Code to any judgment of a circuit court referred to in the preceding section, shall operate as a stay of proceedings in the case until the decision of the supreme court of appeals therein.

[8]Under the current version of federal Rule 35(b), the federal government, not
(continued...)

7

F.2d 1373 (6th Cir. 1984) illustrates how federal courts addressed the question of jurisdiction when a Rule 35 motion was filed during the pendency of an appeal. The defendant in *Holloway* was convicted of fraud. While his appeal was pending, the defendant filed a motion to reduce his sentence. The motion was granted. The appellate court addressed the propriety of the trial court's action as follows:

> Although the parties did not raise the issue, this court is constrained to hold that the district court lacked jurisdiction to enter its order modifying the sentence. Both the motion to correct or reduce the sentence and the district court's action on that motion came after the notice of appeal was filed. It is well settled that the filing of the notice of appeal with the district court clerk deprives the district court of jurisdiction to act in matters involving the merits of the appeal. . . .
>
> The district court's order vacating part of the sentence upon the motion under Rule 35 cannot be characterized as not affecting the merits of this appeal; nor can it be seriously contended that Holloway's conviction and sentence are not appealable. It is thus clear that the district court lacked jurisdiction to consider or act upon the Rule 35 motion after the notice of appeal had been filed. . . . In the present case, the district court's order is null and void since that court was without jurisdiction . . . after the appeal had been taken. . . . . Accordingly, we must review the sentence as originally imposed.

*Holloway*, 740 F.2d at 1382 (internal quotations, citations, and footnotes omitted). *See also*

*Berman v. United States*, 302 U.S. 211, 214, 58 S. Ct. 164, 166, 82 L. Ed. 204 (1937) ("As

---

[8](...continued)

a defendant, may file a motion to have a defendant's sentence reduced.

the first sentence was a final judgment and appeal therefrom was properly taken, the District Court was without jurisdiction during the pendency of that appeal to modify its judgment by resentencing the prisoner."); *United States v. Reilly*, 624 F. Supp. 344, 345 (E.D. Va. 1985) ("My own research on the question of jurisdiction convinces me that I do not have jurisdiction to consider the motion for reduction of sentence under Rule 35(b) pending appeal."); *United States v. Ramey*, 559 F. Supp. 60, 68 (E.D. Tenn. 1981) ("[Defendant] made *pro se* a timely motion on August 15, 1981 for a reduction of his sentence. Rule 35(b), Federal Rules of Criminal Procedure. This Court has no jurisdiction to consider Defendant's motion during the pendency of his appeal.").

This Court has jurisdiction to decide the merits of this appeal, even though Mr. Doom has a pending Rule 35(b) motion in the circuit court.

### B. The Sentence of Imprisonment Is Not Disproportionate for the Crime of Third Offense Shoplifting

Mr. Doom contends that his sentence of one to ten years in prison for stealing items that had a total value of $9.91 is unconstitutional because it is disproportionate to the offense that he was convicted of committing. Mr. Doom argues that the circuit court should have granted his motion for the alternative sentence of home confinement.

9

Both the federal and state Constitutions prohibit imposing a criminal punishment that is disproportionate to the crime committed. In Syllabus point 7 of *State v. Vance*, 164 W. Va. 216, 262 S.E.2d 423 (1980), we recognized that "[a] criminal sentence may be so long as to violate the proportionality principle implicit in the cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution." We held further in syllabus point 5 of *State v. Cooper*, 172 W. Va. 266, 304 S.E.2d 851 (1983), as follows:

> Punishment may be constitutionally impermissible, although not cruel or unusual in its method, if it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity, thereby violating West Virginia Constitution, Article III, Section 5 that prohibits a penalty that is not proportionate to the character and degree of an offense.

Finally, in Syllabus point 5 of *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981), we held:

> In determining whether a given sentence violates the proportionality principle found in Article III, Section 5 of the West Virginia Constitution, consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction.

The seminal case of *State v. Lewis*, 191 W. Va. 635, 447 S.E.2d 570 (1994), addressed the issue of whether imprisonment for a third offense shoplifting conviction was

10

disproportional.[9]  In *Lewis*, the defendant was arrested for unlawfully taking from a store

pork chops and garlic powder that had a collective value of $ 8.83.[10]  The defendant was

eventually convicted of third offense shoplifting, sentenced to one to ten years in prison, and

fined $500.  One of the issues raised in the defendant's appeal was that her sentence was

disproportionate to the crime.  In looking at the third offense shoplifting statute as it existed

at the time of the crime, Justice Workman, writing for the Court, determined that the statute

was unconstitutional because it did not allow trial courts discretion to consider alternative

sentencing.  The third offense shoplifting statute under which the defendant in *Lewis* was

sentenced read as follows:

> Upon a third or subsequent shoplifting conviction, regardless of the value of the merchandise, the defendant shall be guilty of a felony and shall be fined not less than five hundred dollars nor more than five thousand dollars, and shall be imprisoned in the penitentiary for one to ten years.  At least one year shall actually be spent in confinement and not subject to probation.

W. Va. Code § 61-3A-3(c) (1981) (Rep. Vol. 1992).  The opinion in *Lewis* addressed the

issue of a lack of authority to consider alternative sentencing as follows:

> As contrasted to other offenses committed within this State, we note that probation and alternative sentencing are permitted for a variety of criminal offenses, many of which are viewed

---

[9]Mr. Doom's brief has failed to mention this controlling decision.

[10]At the time of this offense the defendant was on probation for a previous conviction of shoplifting.  The record in the case also disclosed that the defendant had previously been charged with two other third offense shoplifting crimes, which were both reduced to second offense shoplifting.

societally as warranting more severe penalties than shoplifting and certainly more in need of requiring incarceration as a penalty. . . .

. . . [T]he penalty imposed by West Virginia Code § 61-3A-3(c) appears disproportionate in its removal of alternate sentencing from those penalties permitted for third offense shoplifting. . . .

. . . .

Without intending to minimize the criminal aspect of shoplifting and its attendant costs to society, we cannot, with a clear collective conscience, conclude that Appellant deserves to be imprisoned for a minimum of one year for failing to pay for $8.83 worth of groceries.

*Lewis*, 191 W. Va. at 640, 447 S.E.2d at 575 (internal citations omitted).

While at first blush it may appear that *Lewis* requires this Court find that the sentence imposed on Mr. Doom is disproportionate, it does not because the opinion in *Lewis* went further. This Court in *Lewis* also addressed the impact of the version of the third offense shoplifting statute that was amended after the defendant in that case was sentenced. The following was noted in *Lewis*:

[T]he statute was amended in 1994 to insert the following new language to West Virginia Code § 61-3A-3(c): "Provided, That an order for home detention by the court pursuant to the provisions of article eleven-b [§ 62-11B-1 et seq.], chapter sixty-two of this code may be used as an alternative sentence to the incarceration required by this subsection." W. Va. Code § 61-3A-3(c) (1994). With the 1994 amendments to West Virginia Code § 61-3A-3(c), a court may now sentence a third offense shoplifter to home detention.

12

As a result of the 1994 amendment, the decision in *Lewis* set out the following holding in

Syllabus point 5:

> Prior to the 1994 amendments, West Virginia Code § 61-3A-3(c) (1981) was unconstitutional in that it violated the cruel and unusual proscription of the Eighth Amendment to the United States Constitution and Article III, Section 5 of the West Virginia Constitution by imposing a disproportionate sentence to the crime committed by expressly prohibiting probation and implicitly prohibiting alternative sentencing.

Based upon syllabus point 5 of *Lewis*, the third offense shoplifting statute that

Mr. Doom was sentenced under does not impose a disproportionate sentence, because it gives

a trial court *discretion* to consider an alternative sentence to imprisonment. The statute that

Mr. Doom was sentenced under provides as follows:

> **Third offense conviction** – Upon a third or subsequent shoplifting conviction, regardless of the value of the merchandise, the person is guilty of a felony and shall be fined not less than five hundred dollars nor more than five thousand dollars, and shall be imprisoned in the penitentiary for not less than one year nor more than ten years. At least one year shall actually be spent in confinement and not subject to probation: Provided, *That an order for home detention by the court pursuant to the provisions of article eleven-b, chapter sixty-two of this code may be used as an alternative sentence to the incarceration required by this subsection.*

W. Va. Code § 61-3A-3(c) (1994) (Repl. Vol. 2014) (emphasis added).

13

To be clear, the decision in *Lewis* found that the 1994 version of the statute under which Mr. Doom was sentenced was facially valid and did not violate the constitutional requirement that a sentence be proportionate to the crime. We therefore decline Mr. Doom's invitation to revisit the issue of the constitutionality of a sentence of imprisonment under W. Va. Code § 61-3A-3(c). *See State v. Morris*, 203 W. Va. 504, 509 S.E.2d 327 (1998) (affirming one to ten years imprisonment for third offense shoplifting of a sweatshirt from J.C. Penny). Thus, we now hold that, consistent with Syl. pt. 5 of *State v. Lewis*, 191 W. Va. 635, 447 S.E.2d 570 (1994), W. Va. Code § 61-3A-3(c) (1994) (Repl. Vol. 2014) does not violate the cruel and unusual proscription of the Eighth Amendment to the United States Constitution and Article III, Section 5 of the West Virginia Constitution, because it expressly permits alternative sentencing.

Under the decision in *Lewis*, the trial court had to consider, but was not required to impose, an alternative sentence as provided by W. Va. Code § 61-3A-3(c). *See Lewis*, 191 W. Va. at 640, 447 S.E.2d at 575 ("[W]e reverse the decision of the Circuit Court of Mercer County and *remand this case for consideration of the alternative sentencing requested by Appellant*.") (emphasis added). The record submitted in this appeal shows that the trial court considered granting Mr. Doom alternative sentencing, but determined that the facts involved in the case did not support granting alternative sentencing. The sentencing order summarized the factors the trial court considered as follows:

14

The Court informed the parties it had reviewed the Pre-Sentence Investigation Report . . ., as well as the underlying record in this matter. Although the defendant accepted responsibility for the offense, the Court was troubled by the Defendant's high risk of recidivism, his lack of candidness with [the] Probation Officer of this Court, his extensive substance abuse history and the fact that the Defendant continues to shoplift, even after being arrested on these charges. The Court further FINDS that the Defendant is a poor candidate for alternative sentencing, and if granted probation or home confinement, the Defendant is highly likely to re-offend. Based on these reports, the Defendant's failure to follow the rules of society, and his high risk to re-offend, the Court FINDS that the Defendant is in need of correctional treatment in a correctional setting.

We find that the circuit court gave consideration to alternative sentencing for Mr. Doom, as required by *Lewis*, and that the court provided a reasonable basis for denying alternative sentencing. This Court is particularly focused upon the fact that, while this case was pending against Mr. Doom in circuit court, he was arrested for shoplifting in Marion County, Harrison County, and Ohio County. Of equal concern is that it appears that, when the latter three arrests occurred, Mr. Doom may have been under a sentence of home confinement for shoplifting by the circuit court of Monongalia County.[11]

---

[11]These facts appear in the sentencing order and Presentence Investigation Report.

15

**IV.**
**CONCLUSION**

We find that this Court has jurisdiction over this appeal.  Further, we affirm

Mr. Doom's sentence to imprisonment for third offense shoplifting.

Affirmed.