IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2026 Term

_____

No. 23-629
_____

**FILED**

**April 30, 2026**

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA,
Plaintiff below, Respondent,

v.

RICHARD A. HENSLEY JR.,
Defendant below, Petitioner.

_____

Appeal from the Circuit Court of Pendelton County
The Honorable H. Charles Carl III, Judge
Case No. 23-F-3

DISMISSED

_____

Submitted: March 24, 2026
Filed: April 30, 2026

G. Isaac Sponaugle III, Esq.
Sponaugle & Sponaugle
Franklin, West Virginia
Counsel for the Petitioner

John B. McCuskey, Esq.
Attorney General
William E. Longwell, Esq.
Assistant Attorney General
Frankie Dame, Esq.
Assistant Solicitor General
Charleston, West Virginia
Counsel for the Respondent

JUSTICE EWING delivered the Opinion of the Court.

**SYLLABUS BY THE COURT**

1. "'This Court's jurisdictional authority is either endowed by the West Virginia Constitution or conferred by the West Virginia Legislature.' Syl. Pt. 2, in part, *Smith v. Andreini*, 223 W. Va. 605, 678 S.E.2d 858 (2009)." Syllabus Point 1, *Nat'l Union Fire Ins. Co. v. Westlake Chem. Corp.*, 249 W. Va. 575, 900 S.E.2d 1 (2024).

2. Before invoking this Court's appellate jurisdiction in a criminal action under West Virginia Code § 58-5-1(c) (2022), a defendant must be convicted and sentenced; the sentence constitutes the "final judgment" from which a defendant may appeal.

**EWING, Justice**:

After the petitioner was indicted on several counts of wanton endangerment involving a firearm, he moved to suppress evidence related to those charges, arguing that the evidence was unlawfully seized. The circuit court denied his motion to suppress, and thereafter, the petitioner and the State entered into a conditional plea agreement to resolve the charges, which preserved the petitioner's ability to appeal the adverse suppression ruling. The circuit court accepted the petitioner's plea of no contest to one count of wanton endangerment. Although the petitioner has been convicted of that crime, the court continued the matter below pending the petitioner's appeal to this Court of the suppression ruling. The petitioner has never been sentenced on the conviction resulting from his conditional guilty plea. Upon review, we find that the suppression ruling is not reviewable at this stage of the proceedings. Because the petitioner has not been sentenced, his appeal is not from a final judgment. We therefore lack jurisdiction to consider it.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 7, 2022, the petitioner's wife and their three children left the home they share with the petitioner because the petitioner purportedly was "being a threat to himself." The next day, the petitioner's wife drove back to the home with the children to pick up clothing for them. As she traveled up the driveway toward their home, the petitioner allegedly shot "his 'AR' type rifle" at his wife's vehicle several times before she backed out of the driveway and drove away from the area. The petitioner's wife reported

the incident to the police. Believing that the petitioner committed wanton endangerment involving a firearm, West Virginia State Police Senior Trooper K.C. Raymond obtained a warrant on November 8, 2022, to search the petitioner's home, vehicles, and outbuildings located on the property for a "black 'AR' [t]ype rifle" and to arrest the petitioner. During the search, officers seized a black AR-type rifle, spent round casings, and other ammunition. Officers also arrested the petitioner. In March 2023, he was indicted on six counts of wanton endangerment involving a firearm.

The petitioner moved to suppress the evidence seized during the search. In support of his motion, the petitioner asserted that Corporal J.M. Ware took the petitioner's wife's statement, that Corporal Ware provided the wife's written statement to Trooper Raymond, and that Trooper Raymond, who was neither present during the events at the petitioner's home leading to his indictment nor present for the taking of his wife's statement, completed the affidavit supporting the application for the search warrant by reference to the petitioner's wife's statement. Thus, the petitioner argued that because the affidavit in support of the warrant application contained double hearsay and that Trooper Raymond undertook no good faith effort to verify the petitioner's wife's statement, the search warrant was void, and evidence seized in executing that void warrant should be suppressed.

The State opposed the petitioner's motion to suppress, and the circuit court ultimately denied it. Thereafter, the parties reached a plea agreement. The petitioner agreed to enter a conditional plea of no contest to one count of wanton endangerment

involving a firearm and to pay restitution in the amount of $1,000, reserving the right to appeal the court's adverse ruling on his motion to suppress. In exchange, the State agreed to dismiss the remaining counts and to not seek recidivist enhancement of the petitioner's sentence.

The parties appeared before the circuit court on September 5, 2023, for a plea hearing. After placing the terms of the petitioner's conditional plea on the record, the court found that the suppression issue reserved for appeal is reviewable by this Court without a full trial or further hearing, that it is case dispositive, and that if this Court were to reverse the suppression ruling, "essential evidence" would be suppressed, thereby "substantially affect[ing] the State's ability to prosecute" the petitioner. The court also set forth that, if the petitioner chose to appeal the adverse ruling on his motion to suppress, the question for this Court's resolution would be the following:

> In its June 7, 2023 Order, did the Circuit Court err by denying the Motion to Suppress the search warrant? The Defendant alleges the Affidavit in support of the search warrant was insufficient because it was based on a hearsay statement and did not establish the reliability of the confidential information. Defendant argues, therefore, that the search warrant was deficient, and any items seized as a result should be suppressed.

After conducting a plea colloquy and determining the petitioner's no contest plea to be freely, voluntarily, and knowingly given, the circuit court accepted his plea. The court's September 27, 2023, plea and conviction order directed the preparation of a presentence investigation report, continued the matter "pending whether or not the

3

Defendant chooses to appeal the suppression issue," and ordered that the matter be "set for further hearing upon resolution of the matter by the Supreme Court." The petitioner chose to appeal the court's suppression ruling, appealing the plea and conviction order to this Court. He has not been sentenced.

After the parties briefed the suppression issue before this Court, we requested supplemental briefing "addressing whether the order on appeal entered on September 27, 2023, by the Circuit Court of Pendleton County is a final or otherwise appealable order." The parties supplied that briefing, aiding our consideration of the foundational question presented by the petitioner's appeal from the circuit court's plea and conviction order: whether, absent the imposition of a sentence by the circuit court, a plea and conviction order is a final or otherwise appealable order over which this Court may exercise its appellate jurisdiction in criminal cases.

## II. STANDARD OF REVIEW

"A court of limited appellate jurisdiction is obliged to examine its own power to hear a particular case." Syl. Pt. 1, in part, *James M.B. v. Carolyn M.*, 193 W. Va. 289, 456 S.E.2d 16 (1995). In that regard, our review is plenary: "As jurisdictional issues are questions of law, our review is de novo." *State ex rel. Universal Underwriters Ins. Co. v. Wilson*, 239 W. Va. 338, 343, 801 S.E.2d 216, 221 (2017) (citing Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal

4

from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.")).

## III. DISCUSSION

The question presented by this appeal is whether the circuit court's plea and conviction order is a final or otherwise appealable order over which this Court may exercise appellate jurisdiction. In his supplemental brief, the petitioner argues that Rule 11(a)(2) of the West Virginia Rules of Criminal Procedure, addressing conditional pleas, authorizes this Court to review the circuit court's adverse ruling on his motion to suppress. The petitioner maintains that he entered a conditional plea pursuant to that Rule, expressly reserving the right to appeal the denial of his motion to suppress. Accordingly, he contends that the suppression ruling is ripe for this Court's appellate review following entry of the judgment.

In the State's supplemental brief, it recognizes that appeals may only be taken from final decisions—a rule known as the "rule of finality"—and it recognizes that, in criminal cases, that means following sentencing. Like the petitioner, however, the State submits that this case is reviewable before sentencing "under the exception [to the rule of finality] explicitly carved out in both the Federal and West Virginia Rules of Criminal Procedure: conditional guilty pleas." The State highlights the advantages of conditional pleas and observes that the circuit court and parties followed the procedure established by Rule 11(a)(2) and this Court's precedent on conditional pleas. Because the petitioner's

5

conditional plea met the requirements of the Rule and precedent, the State contends that the petitioner properly reserved the suppression issue and that the issue is reviewable by this Court in its current posture.

Rule 11(a)(2) of the West Virginia Rules of Criminal Procedure provides that

> [w]ith the approval of the court and the consent of the state, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

And this Court has adopted certain requirements for conditional pleas:

> Before accepting a conditional plea under W. Va. R. Crim. P. 11(a)(2), the circuit court and the prosecutor must assure that the pretrial issues reserved for appeal are case dispositive and are capable of being reviewed by this Court without a full trial. This requires the circuit court to make specific findings on the record of the issues to be resolved upon appeal and a further specific finding that those issues would effectively dispose of the indictment or suppress essential evidence which would substantially affect the State's ability to prosecute the defendant as charged in the indictment.

Syl. Pt. 1, *State v. Hosea*, 199 W. Va. 62, 483 S.E.2d 62 (1996).

The conditional guilty plea mechanism provided for under Rule 11(a)(2) indeed serves important interests. Typically, "[a] knowing and voluntary guilty plea waives all antecedent, nonjurisdictional defects," thereby barring a defendant from appealing adverse rulings that precede the plea. *State v. Proctor*, 227 W. Va. 352, 364, 709 S.E.2d 549, 561 (2011) (quoting *State v. Greene*, 196 W. Va. 500, 505 n.1, 473 S.E.2d

6

921, 926 n.1 (1996) (Cleckley, J., concurring)).  However, if Rule 11(a)(2)'s requirements are met, a conditional guilty plea excludes from that waiver a specific, identified pretrial ruling, protecting a defendant's right to appeal that specific adverse ruling.  *See id.* ("In short, the failure to follow the procedures set forth in Rule 11(a)(2) of the West Virginia Rules of Criminal Procedure will result in a valid guilty plea waiving all nonjurisdictional defects in the proceedings below."  (quoting *Greene*, 196 W. Va. at 505 n.1, 473 S.E.2d at 926 n.1)).  In turn, Rule 11(a)(2) promotes judicial economy by eliminating the need for a trial conducted solely to preserve a pretrial issue for this Court's review.  *See State v. Lilly*, 194 W. Va. 595, 605–06, 461 S.E.2d 101, 111–12 (1995) (Cleckley, J., concurring) (recognizing that due to the waiver that attends unconditional pleas, "a criminal defendant who loses one or more pretrial motions will often go through a lengthy trial merely to preserve the pretrial issues for later appellate review").  As a result, we have lauded conditional pleas—and the courts and parties who use them—for not only "spar[ing] the taxpayers and the court the expense of a potentially time consuming trial" but also "serv[ing] the ends of justice by permitting . . . a defendant to preserve specific errors." *Hosea*, 199 W. Va. at 66, 483 S.E.2d at 66 (quoting *Lilly*, 194 W. Va. at 606, 461 S.E.2d at 112).  Here, too, we commend the circuit court and parties for their use of a tool that inherently considers, and respects, limited judicial resources.

But neither meeting these laudable goals nor entering a Rule- and precedent-compliant conditional plea automatically confers appellate jurisdiction over the petitioner's criminal proceedings at this stage.  Instead, "'[t]his Court's jurisdictional authority is either

7

endowed by the West Virginia Constitution or conferred by the West Virginia Legislature.' Syl. Pt. 2, in part, *Smith v. Andreini*, 223 W. Va. 605, 678 S.E.2d 858 (2009)." Syl. Pt. 1, *Nat'l Union Fire Ins. Co. v. Westlake Chem. Corp.*, 249 W. Va. 575, 900 S.E.2d 1 (2024). Specifically, West Virginia Code § 58-5-1(c) (2022), contains the legislative grant of appellate jurisdiction in criminal matters: "The defendant in a criminal action may appeal to the Supreme Court of Appeals from a *final* judgment of any circuit court in which there has been a conviction, or which affirms a conviction obtained in an inferior court." (Emphasis added.) This statutory grant of appellate jurisdiction requires a final judgment. *See James M.B.*, 193 W. Va. at 291, 456 S.E.2d at 18, Syl. Pt. 3, in part ("Under W. Va. Code, 58-5-1 (1925), appeals only may be taken from final decisions of a circuit court."). The final judgment rule is of early vintage, having been called "an historic characteristic of . . . appellate procedure." *Id.* at 292, 456 S.E.2d at 19 (quoting *Flanagan v. United States*, 465 U.S. 259, 263 (1984)). It is "designed to prohibit 'piecemeal appellate review of trial court decisions which do not terminate the litigation,'" *id.* (quoting *United States v. Hollywood Motor Car Co., Inc.*, 458 U.S. 263, 265 (1982)), and, "[w]ith rare exception," it is "mandatory and jurisdictional."[1] *Id.*; *see also Coleman v. Sopher*, 194 W. Va. 90, 94,

---

[1] None of the "rare" exceptions to the rule of finality exists here. The *James M.B.* Court identified petitions for writs of prohibition and certified question as exceptions. 193 W. Va. at 292 n.3, 456 S.E.2d at 19 n.3. This case does not come to us by way of prohibition, certified question, or otherwise under our original jurisdiction. The *James M.B.* Court also identified collateral orders as an exception to the final judgment rule. *Id.* at 292–93, 93 n.4, 456 S.E.2d at 19–20, 20 n.4. Assuming without deciding the applicability of the collateral order doctrine in criminal matters in this state, the petitioner's plea and conviction order would not fall within its reach. "An interlocutory order would be subject to appeal under this doctrine if it '(1) conclusively determines the disputed

8

459 S.E.2d 367, 371 (1995) ("The usual prerequisite for our appellate jurisdiction is a final judgment, final in respect that it ends this case."). As a result, this Court may exercise its appellate jurisdiction and review the circuit court's plea and conviction order only if that order is a final judgment.

"A judgment is final only when a court hands down a judgment couched in language calculated to conclude all claims before it." *Id.* at 295, 456 S.E.2d at 22. Stated another way, "[a] case is final only when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined." *Id.* at 291, 456 S.E.2d at 18, Syl. Pt. 3, in part. In criminal matters, the sentence constitutes the final determination of a charge's merits. *See Berman v. United States*, 302 U.S. 211, 212 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment," as it is "a final determination of the merits of the criminal charge.").[2] Only after sentencing does a defendant's criminal matter end and become

controversy, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment.'" *Durm v. Heck's, Inc.*, 184 W. Va. 562, 566 n.2, 401 S.E.2d 908, 912 n.2 (1991) (quoting *Thompson v. Betts*, 754 F.2d 1243, 1246 (5th Cir. 1985)). At minimum, the suppression ruling fails to meet the third prong as the ruling is reviewable on appeal from a final judgment.

[2] The jurisdictional statute applicable to federal courts in analogous contexts similarly vests courts of appeal with jurisdiction over "appeals from all *final* decisions of the district courts." 28 U.S.C. § 1291 (1982) (emphasis added). And like the result we reach today with respect to West Virginia Code § 58-5-1(c), conviction *and* sentence are prerequisites of finality under 28 U.S.C. § 1291. *Flanagan*, 465 U.S. at 263 ("In a criminal case the [final judgment] rule prohibits appellate review until conviction and imposition of sentence.").

resolved on the merits, and only after a sentence is imposed is there nothing left to do but execute that sentence.

Although we have characterized sentencing orders as final judgments, we have not explicitly declared that sentencing in criminal matters is a prerequisite to the exercise of our appellate jurisdiction. *See, e.g.*, *State v. Simon*, 132 W. Va. 322, 347, 52 S.E.2d 725, 738 (1949) ("The motion for a new trial, subsequent to the *final judgment of the court sentencing the defendant* to confinement in the penitentiary, presents a situation which, it seems to us, is rather novel in the judicial history of this State. (Emphasis added.)); *State v. Doom*, 237 W. Va. 754, 758, 791 S.E.2d 384, 388 (2016) ("Further, the filing of a Rule 35(b) motion does not make a *final sentencing order* interlocutory for purposes of an appeal." (Emphasis added.)). Accordingly, for clarification purposes, we now hold that, before invoking this Court's appellate jurisdiction in a criminal action under West Virginia Code § 58-5-1(c) (2022), a defendant must be convicted and sentenced; the sentence constitutes the "final judgment" from which a defendant may appeal.

On its face, the circuit court's plea and conviction order is not a "final judgment." It does not terminate the petitioner's criminal matter on the merits, and it leaves steps to be taken in addition to executing the judgment. The order explicitly continues the matter so that the petitioner can appeal to this Court, and the order specifies that further hearings will be set following our resolution of the preserved issue. More precisely (and

10

significantly), the matter is continued for sentencing at a later time.[3]  Because the petitioner

has yet to be sentenced, he has not appealed from a final judgment, and we lack jurisdiction

to consider the merit of the circuit court's adverse ruling on the petitioner's motion to

suppress at this time.  Consequently, we must dismiss this appeal, without prejudice.

## IV. CONCLUSION

For the foregoing reason, the appeal is dismissed.

Dismissed.

---

[3] The petitioner's sentence, once imposed, could also result in another ground for appeal.  *See* Syl. Pt. 1, *State v. Sims*, 162 W. Va. 212, 248 S.E.2d 834 (1978) ("A direct appeal from a criminal conviction based on a guilty plea will lie where an issue is raised as to the voluntariness of the guilty plea or the legality of the sentence.").  Accordingly, requiring that he be sentenced prior to appealing supports the prohibition against piecemeal appeals and ensures that all possible claimed errors are pursued in a single appeal.