496 S.E.2d 211

Troy BLANKENSHIP and Orma Lee Blankenship, his wife, Plaintiffs below, Appellees,

v.

Virgle ESTEP and Emogene Estep, his wife; James Mounts and Lou Mounts, his mother; Emery Dotson and Betty Dotson, his wife, Defendants below, Appellants.

No. 24082.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 16, 1997.

Decided Oct. 24, 1997.

William H. Duty, Williamson, for Appellants.

Troy Blankenship and Orma Blankenship, Pro Se, Appellees.

PER CURIAM:[1]

■ This appeal arises from an order of the Circuit Court of Mingo County which

---

1. We point out that a *per curiam* opinion is not    legal precedent. *See Lieving v. Hadley,* 188

awarded damages to the plaintiffs/appellees, Troy and Orma Blankenship ("Blankenships"), after a jury had already found in favor of the defendants/appellants; Virgle and Emogene Estep, James and Lou Mounts, and Emery and Betty Dotson ("Dotsons").

## I.

The relevant facts in this case reveal that the Blankenships filed suit against the Dotsons in 1986. Both the plaintiffs and the defendants claimed ownership of a particular strip of land which was adjacent to both parties. Prior to the suit, the Blankenships had built a barn on the land in question. A jury determined that the Dotsons were the true owners of the land, but granted the Blankenships $5,000.00 for the cost of the barn.[2] According to the record this money was paid to the Blankenships by the Dotsons.

Approximately 11 months after the jury returned its verdict, the Blankenships filed a motion to obtain permission to dismantle and remove the barn from the Dotsons' property. Following a hearing on August 5, 1987, this motion was granted, but a written order granting the motion was not entered until approximately two years later.

A year after the first motion was filed, and before the order was entered, the Blankenships came before the court with accusations that the Dotsons were not allowing the Blankenships to remove the barn from the property. At this second post-trial hearing, January 7, 1991, the judge restated the Blankenships' right to the barn and ordered rent to be paid by the Dotsons to the Blankenships in an amount of Forty Dollars ($40.00) per month. The judge entered a judgment retrospectively for "rent" of the barn against the Dotsons in the amount of $1,720.00, plus interest at the rate prescribed by law until said judgment was fully discharged. A third post-trial hearing was held in February 1996, at which the Dotsons were ordered to pay an additional $2,400.00 in back rent.

The Dotsons appealed these several judgments, and according to the attorney for the Dotsons, the Blankenships have now removed the barn from the Dotson property.

The Dotsons argue that the court was without jurisdiction to enter a monetary judgment against them, and to order the removal of the barn after the jury had already determined the value of the barn, and after the Dotsons had paid the jury verdict judgment to the Blankenships.

## II.

■ The motion by the plaintiffs in which they asked permission of the court to remove the barn was essentially a motion to alter or amend the judgment under Rule 59(e) of *West Virginia Rules of Civil Procedure* [1978]. The jury had already ruled that the property rightfully belonged to the Dotsons, but that they must recompense the Blankenships for the barn.[3] The Dotsons complied

W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4. (1992) (*"Per curiam* opinions ... are used to decide only the specific case before the Court; everything in a *per curiam* opinion beyond the syllabus point is merely *obiter dicta.* ... Other courts, such as many of the United States Circuit Courts of Appeals, have gone to non-published (not-to-be-cited) opinions to deal with similar cases. We do not have such a specific practice, but instead use published *per curiam* opinions. However, if rules of law or accepted ways of doing things are to be changed, then this Court will do so in a signed opinion, not a *per curiam* opinion.")

2. The jury also awarded the defendants Nine Hundred Dollars ($900.00) as rent which was to be offset by the $5,000.00 given to the plaintiffs as fair compensation for the barn. The defendants deposited $4,100.00 into the court for payment to the plaintiffs.

3. The jury's verdict was set forth in the Final Order and it contained the following questions and answers:

"QUESTION 1. Whom do you find to be the owner of the property ...

Plaintiff Blankenship
Defendant Dotson

Defendant Dotson

"QUESTION 2. (Answer this question only if you find that Defendant Dotson owns this property).
"2A. Is Plaintiff Blankenship entitled to be reimbursed for the building, pig pens, fences and any other improvements he made to this property?

with the 1986 jury verdict by paying the Blankenships $4,100.00. For the Blankenships to come back a year after the jury trial and ask for permission to remove the barn, after they had received payment for the barn, was an attempt to alter or amend the jury verdict. Such a motion is clearly inconsistent with our law.

■ In Syllabus Point 4 of *Investors Loan Corporation v. Long*, 152 W.Va. 673, 166 S.E.2d 113 (1969), we stated:

> Under the provisions of Rule 59(a) of the Rules of Civil Procedure the court, upon a motion for a new trial in an action in which there has been a trial by jury, may grant a new trial, and in an action tried without a jury, may open the judgment and direct the entry of a new judgment; but the court upon such motion or upon a motion to alter or amend a judgment under Rule 59(e) may not enter a new judgment in an action in which there has been a trial by jury; and a new judgment entered by the court in an action in which there has been a trial by jury is erroneous and will be set aside upon appeal.

Additionally, Rule 59(e) requires that a motion to alter or amend a jury verdict must be filed within ten days after entry of the judgment. Therefore, the first post-trial motion, filed 11 months after entry of the judgment, was untimely. The two subsequent motions were likewise untimely.

■ Alternatively, assuming *arguendo* that the motion filed was under 59(b), as a motion for a new trial, and not under 59(e), the motion would still be untimely.

■ As we said in Syllabus Point 1, *Boggs v. Settle*, 150 W.Va. 330, 145 S.E.2d 446 (1965):

> The requirement of Rule 59(b) of the Rules of Civil Procedure that a motion for a new trial shall be served not later than ten days after entry of the judgment is

mandatory and jurisdictional. The time required for service of such a motion cannot be extended by the court or by the parties.

■ It is well-settled law that for a court "to hear and determine an action, suit or other proceeding it must have jurisdiction of the subject matter and jurisdiction of the parties; both are necessary and the absence of either is fatal to its jurisdiction." Syllabus Point 3, *State ex rel. v. Bosworth*, 145 W.Va. 753, 117 S.E.2d 610 (1960). Consent of the parties cannot confer upon a court subject-matter jurisdiction.

> Consent of parties cannot confer upon a court jurisdiction which the law does not confer, or confers upon some other court, although the parties may by consent submit themselves to the jurisdiction of the court. In other words, consent cannot confer jurisdiction of the subject-matter, but it may confer jurisdiction of the person.

Syllabus Point 2, *Yates et al. v. Taylor County Court*, 47 W.Va. 376, 35 S.E. 24 (1900); *In accord*, Syllabus Point 4, *State v. Worrell*, 144 W.Va. 83, 106 S.E.2d 521 (1958).

Therefore, this Court finds that the motion made in 1987 was untimely and the circuit court was without jurisdictional authority to enter the subsequent orders adverse to the Dotsons. Accordingly, we set aside the judgments which the circuit court ordered at all post-trial motions and remand this case to the Circuit Court of Mingo County for an evidentiary hearing to determine whether, in fact, the barn was removed from the property awarded to the Dotsons, and whether any recompense should be made to the Dotsons.

Reversed and remanded.

MAYNARD, J., deeming himself disqualified, did not participate in the decision.

_____ Yes  Yes.

_____  No.

If yes, how much? $  $5,000.00.

"2B.  Is Defendant Dotson entitled to any money as damages from Plaintiff Blankenship?