**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**
**April 5, 2017**
released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BRIAN LUBORSKY,**
**Defendant Below, Petitioner**

**vs.) Nos. 15-0787 & 16-0329 (Wood County Civil Action No. 09-C-407)**

**KIMBERLY S. CARROLL, JAMES C. BROWN, CARRIE SHOOK,**
**GINGER R. RIGGINS, AMANDA R. MALONE, AND CORDIA S. LITTLE,**
**Plaintiffs Below, Respondents**

**MEMORANDUM DECISION**

Petitioner, a defendant below, Mr. Brian Luborsky ("Mr. Luborsky), by counsel Samuel M. Brock, III and David A. Bosak, separately appeals two circuit court orders rendered in the underlying case, which alleged, *inter alia*, causes of action for wrongful discharge and violations of the West Virginia Wage Payment and Collection Act ("WPCA"), W. Va. Code § 21-5-1 *et seq.* We have consolidated the two appeals for purposes of our review. Both challenged orders denied Mr. Luborsky's motion to alter or amend judgment or, in the alternative, for a new trial. In the first order, the circuit court found that Mr. Luborsky waived any challenge to the manner and sufficiency of service of the complaint, and to personal jurisdiction. The second order found that Mr. Luborsky had waived each of his assigned errors challenging the circuit court's findings of fact and conclusions of law. On appeal, Mr. Luborsky contends that the circuit court erred in finding he waived his challenges to the various rulings of that court and further argues that he should have prevailed on the merits of his claimed errors and been granted judgment in his favor or, in the alternative, a new trial. Respondents, plaintiffs below, Kimberly S. Carroll, James C. Brown, Carrie Shook, Ginger R. Riggins, Amanda R. Malone, and Cordia S. Little ("Plaintiff Beauticians"), by counsel Walt Auvil and Robert M. Bastress, Jr., filed timely responses.

This Court has considered the parties' briefs, the appendix record designated for our review, the pertinent authorities, and oral argument. We find no new or significant questions of law, and, upon application of the standard for our review, we find no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

At the time relevant to the action underlying the present appeal, Plaintiff

1

Beauticians worked in a beauty salon ("the Vienna Salon") at the Grand Central Mall in Vienna, West Virginia, and were employed by Trade Secret Beauty Stores, Inc., a subsidiary of Trade Secrets, Inc. Trade Secrets, Inc., had been owned by Regis Corp. and/or Regis Corporation. On or around February 16, 2009, Premier Salons Beauty, Inc. ("Beauty, Inc."), purchased the Trade Secret entities from Regis Corp.,[1] which included the Vienna Salon where Plaintiff Beauticians worked. Shortly after acquiring the Trade Secret entities, Beauty, Inc., provided the Plaintiff Beauticians with its "Employee Policies and Agreements" ("Employment Agreements") that included, *inter alia*, a non-compete agreement, a non-solicitation of customers agreement, and an arbitration agreement. Each agreement was accompanied by a space for the employee's signature. Plaintiff Beauticians declined to sign any of the agreements.

Thereafter, on March 11, 2009, Cindy Walton, the regional manager for Beauty, Inc., visited the Vienna Salon and advised the Plaintiff Beauticians that, if they refused to sign the agreements, their employment would be terminated.[2] The Plaintiff Beauticians all declined to sign, and, as a result, the Plaintiff Beauticians' employment was terminated. After the Plaintiff Beauticians refused to leave the premises, they were escorted from the Vienna Salon by local police officers and mall security officers.

On August 18, 2009, Plaintiff Beauticians filed a complaint in the Circuit Court of Wood County against Beauty, Inc.; Premier Salons, Inc.; Premier Salons International, Inc.; Regis Corp.; Regis Corporation; and Cindy Walton alleging they had been wrongfully discharged in violation of public policy and for untimely payment of wages under the WPCA. During the course of the proceedings below, the case was held in abeyance when, on July 6, 2010, Beauty, Inc., filed a petition for bankruptcy in the United States Bankruptcy Court for the District of Delaware.

Counsel for Plaintiff Beauticians conducted a telephonic deposition of Mr. Luborsky on November 29, 2011. Mr. Luborsky, a citizen and resident of Canada, had been

---

[1]The Trade Secret entities included approximately 625 beauty salons.

[2]Kimberly S. Carroll, a hairdresser; James C. Brown, a barber/stylist; and Cordia S. Little, a hairdresser, all testified that they were required to sign all three agreements to maintain their employment. Carrie Shook, a hair stylist, testified that she was told by Ms. Walton that she was not required to sign the non-compete agreement, but she was required to sign the non-solicitation of customers agreement and an arbitration agreement. The testimony of Ginger R. Riggins and Amanda R. Malone, both beauty advisors, indicated that neither was directly told by Ms. Walton to sign any of the forms, but they both were discharged along with the other plaintiffs.

2

designated by corporate defendants Beauty, Inc., and Premier Salons, Inc.,[3] pursuant to Rule 30(b)(7) of the West Virginia Rules of Civil Procedure. During his Rule 30(b)(7) deposition, Mr. Luborsky testified that he had been President of Beauty, Inc., the corporate owner of the Vienna Salon, which was dissolved in January 2010. He further testified that he currently served as CEO and President of Premier Salons, Inc., a Delaware corporation.

On July 13, 2012, Plaintiff Beauticians filed their "Second Amended Complaint" in the Circuit Court of Wood County adding Mr. Luborsky as a named defendant. Plaintiff Beauticians alleged that Mr. Luborsky should be held liable for the acts and omissions of the various corporate defendants under a theory of piercing the corporate veil. Service of the Second Amended Complaint was attempted by mailing the same to Mr. Luborsky at an address in Markham, Ontario, Canada. However, the mailing was addressed to Markham, Ohio, with an Ontario zip code. Mr. Luborsky claims he never received a copy of the summons and Second Amended Complaint.

Nevertheless, an answer to the Second Amended Complaint was filed on behalf of the defendants, *including Mr. Luborsky*, on August 3, 2012. The answer set forth, in relevant part, the following affirmative defenses:

43. Defendant Luborsky respectfully states that he is not subject to personal jurisdiction in West Virginia.

44. The Second Amended Complaint fails because of insufficient service of process.

45. The Second Amended Complaint fails because of lack of service of process.

The circuit court thereafter entered a Scheduling Order, by agreement of the parties, providing that any dispositive motions were to be filed on or before April 19, 2013, and set the case for trial on July 9, 2013.[4] No motions to dismiss for failure of service of process or lack of jurisdiction were submitted either before or after the April 19, 2013, agreed deadline.

---

[3]Mr. Luborsky testified that Premier Salons International, Inc., had been dissolved approximately ten years prior.

[4]Although this scheduling order is not included in the record on appeal, Mr. Luborsky does not dispute that the parties agreed to the scheduling order or the Plaintiff Beauticians' representation of the deadlines contained therein.

3

By order entered on December 7, 2012, the circuit court denied a motion for partial summary judgment filed by the Plaintiff Beauticians. The order notes that "Defendants" had filed a joint memorandum in opposition thereto. The order is signed by counsel who represented Mr. Luborsky and other defendants. In addition, the order dismissed Beauty, Inc.; Premier Salons International, Inc.; and Regis Corp., noting that the dismissals were by agreement of the parties.

On April 8, 2013, the lawyers/law firms representing Premier Salons, Inc.; Regis Corporation; Cindy Walton; and Brian Luborsky filed a joint motion to withdraw as counsel citing non-payment of substantial attorney's fees as their grounds. The record contains a letter from counsel to Premier Salons, Inc., that also was copied to Mr. Luborsky, advising of counsel's withdrawal. The letter contained an express warning that "Defendants have the burden of keeping the Court informed where notice, pleadings, or other papers may be served. Defendants have the obligation of hiring other counsel to prepare for trial. If Defendants fail or refuse to meet these burdens, they may suffer possible default." Nevertheless, neither Premier Salons, Inc., nor Mr. Luborsky communicated with the circuit court or retained new counsel. However, on June 14, 2013, a pre-trial conference memorandum was filed on behalf of Mr. Luborsky by his withdrawing counsel.

By order entered July 29, 2013, the circuit court granted a motion seeking a continuance filed on behalf of defendant Regis Corporation and continued the trial to October 7, 2013. The circuit court further ruled that, in the event the case could not be tried at that time, it also would be placed on the civil case docket for April 8, 2014.

On October 4, 2013, the circuit court entered an order explaining, *inter alia*, that

> [a] hearing was held on [defense counsel's] Motion [to Withdraw], and while the Court stated on the record that it was granting the Motion, no Order has been entered to this effect. As the Court speaks only through its Orders, [defendants' counsel] *are still considered to be counsel of record in this case, with all the duties and responsibilities attendant thereto*.

(Emphasis added).

Defense counsels' joint motion to withdraw as counsel was subsequently granted by order entered on November 12, 2013. Pursuant to the order, service as to all defendants was to be mailed to the Premier Salons, Inc., corporate offices in Golden Valley, Minnesota, which was the address provided by former defense counsel. Plaintiff Beauticians

4

aver that, after the entry of this order, they mailed all their court filings to the Golden Valley, Minnesota, address.[5]  It appears that, after his counsel's withdrawal, Mr. Luborsky did not participate further in the proceedings below, either in person or by counsel, prior to judgment being entered.

The trial was not had on October 8, 2013, so the matter was carried forth for trial on April 8, 2014.  On March 27, 2014, defendant Cindy Walton filed a motion seeking a continuance and to vacate the previously entered scheduling order.  The circuit court granted the motion.  Thereafter, on July 8, 2014, a scheduling order was entered setting the trial for January 27, 2015, and scheduling a pretrial conference for January 5, 2015.  The order directed that "[a]ny and all pretrial motions (including motions in limine and dispositive motions) shall *be filed and properly noticed for hearing at the pretrial conference, or such earlier date as set by counsel*."  (Emphasis added).  Regis subsequently was granted summary judgment,[6] and a joint motion by the Plaintiff Beauticians and Cindy Walton to dismiss the claims against Cindy Walton based upon the parties' compromise and settlement of those claims was granted by the circuit court.[7]

A bench trial was had on January 27, 2015, without the participation of Mr. Luborsky or Premier Salons, Inc.  At the time of trial, Premier Salons, Inc., and Mr. Luborsky were the only remaining defendants due to voluntary dismissals, the award of summary judgment, and the compromise and settlement.  After the presentation of evidence by the Plaintiff Beauticians, the circuit court entered a Judgment Order on April 27, 2015, finding the Plaintiff Beauticians had been wrongfully discharged in violation of substantial public policies of this State.[8]  The court found defendants liable for a total of $179,707.16 in economic losses; $195,000 for emotional distress damages; and $23,177.82 in damages under

---

[5]Mr. Luborsky claims he did not receive any court filings submitted by Plaintiff Beauticians after he was named as a defendant.  Notably, the filings submitted by Plaintiff Beauticians following the withdrawal of Mr. Luborsky's defense counsel were mailed to the same address where he ultimately received the circuit court's judgment order.

[6]By Order entered on August 20, 2014, the circuit court granted summary judgment to Regis finding it was undisputed that Regis was not the Plaintiff Beauticians' employer at the time of their discharges and played no role whatsoever in those discharges.

[7]The order, entered on December 9, 2014, preserved any potential respondeat superior liability on the part of the remaining defendants resulting from the actions of Cindy Walton.

[8]*See infra* note 16.

5

the WPCA for failing to timely pay Plaintiff Beauticians their wages following the termination of their employment. The circuit court also awarded prejudgment interest on the back pay and WPCA claims. Finally, the circuit court found it was appropriate to pierce the corporate veil in this instance and hold Mr. Luborsky personally liable for the judgment. The judgment order was mailed to the defendants, Mr. Luborsky and Premier Salons, Inc., at the Golden Valley, Minnesota, address.

On May 7, 2015, Mr. Luborsky filed a motion to alter or amend judgment or, in the alternative, for a new trial, in which he challenged the sufficiency of service on him of the Second Amended Complaint, challenged the circuit court's personal jurisdiction over him, argued that he should be granted a new trial on grounds of "fundamental fairness," and challenged various findings of fact and conclusions of law made by the circuit court.

Following a hearing on July 1, 2015, and by order entered July 15, 2015, the circuit court denied Mr. Luborsky's motion as to his challenges related to the sufficiency of service and personal jurisdiction. The circuit court also denied his motion for a new trial. As to Mr. Luborsky's challenges to the circuit court's findings and conclusions, the circuit court noted that it had allowed the Plaintiff Beauticians until July 15, 2015, to respond to the challenges, and Mr. Luborsky was to file his reply by July 27, 2015. Mr. Luborsky appealed the circuit court's July 15, 2015, order. This Court assigned docket number 15-0787 to said appeal.

By subsequent order entered March 3, 2016, the circuit court denied Mr. Luborsky's motion to alter or amend or for a new trial as it related to Mr. Luborsky's challenges of the circuit court's findings of fact and conclusions of law.[9]  Mr. Luborsky

---

[9]Procedurally, we note that, because this Court docketed Mr. Luborsky's appeal of the July 15, 2015, order, no further proceedings should have occurred in this matter below without leave of this Court. Syl. pt. 3, *Fenton v. Miller*, 182 W. Va. 731, 391 S.E.2d 744 (1990) ("Once this Court takes jurisdiction of a matter pending before a circuit court, the circuit court is without jurisdiction to enter further orders in the matter except by specific leave of this Court."). Thus, we remind the bench and bar that, in general, circuit courts lack jurisdiction to issue rulings while a proper appeal is pending before this Court. *See* Syl. pt. 1, *State v. Doom*, 237 W. Va. 754, 791 S.E.2d 384 (2016) ("'When the Supreme Court of Appeals of West Virginia grants a petition for appeal all proceedings in the circuit court relating to the case in which the petition for appeal has been granted are stayed pending this Court's decision in the case. Such stay of proceedings is mandatory under W. Va. Code, 62-7-2 [(1923) (Repl. Vol. 2015)].' Syllabus point 2, *State ex rel. Dye v. Bordenkircher*, 168

(continued...)

appealed the circuit court's March 3, 2016, order. This Court assigned docket number 16-0329 to said appeal.

The two appeals have been consolidated for purposes of our review.

Mr. Luborsky herein appeals two post-trial orders entered by the circuit court denying his motion pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure to alter or amend judgment following a bench trial, or, in the alternative, for a new trial pursuant to Rule 59(a).[10]

> The standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed.

Syl. pt. 1, *Wickland v. American Travellers Life Ins. Co.*, 204 W. Va. 430, 513 S.E.2d 657 (1998).

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

---

[9](...continued)
W. Va. 374, 284 S.E.2d 863 (1981).").

[10]This Court has recognized that

> "[u]nder the provisions of Rule 59(a) of the Rules of Civil Procedure the court, upon a motion . . . in an action tried without a jury, may open the judgment and direct the entry of a new judgment. . . ." Syllabus Point 4, *Investors Loan Corporation v. Long*, 152 W. Va. 673, 166 S.E.2d 113 (1969).

Syl. pt. 1, *Blankenship v. Estep*, 201 W. Va. 261, 496 S.E.2d 211 (1997) (per curiam).

7

Syl. pt. 1, *Public Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996). *Accord* Syl. pt. 1, *Poulos v. LBR Holdings, LLC*, 238 W. Va. 89, 792 S.E.2d 588 (2016). Similarly, "[t]his Court reviews the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard . . . ." Syl. pt. 1, in part, *Burke-Parsons-Bowlby Corp. v. Rice*, 230 W. Va. 105, 736 S.E.2d 338 (2012). We apply these standards to our review of the issues raised by Mr. Luborsky.

In the appeal docketed as number 15-0787, Mr. Luborsky challenges the circuit court's order of July 15, 2015, and raises two assignments of error related to personal jurisdiction. He contends that the circuit court erred by finding that he waived the defenses of insufficient service of process[11] and lack of personal jurisdiction[12] because both defenses were raised in the answer filed on his behalf.

We find no error in the circuit court's conclusion that both defenses were waived "by virtue of Defendant Luborsky's participation through counsel in filing an answer and in thereafter participating in these proceedings as a party through counsel[,] in failing to raise the issue[s] by motion, and in failing to meet numerous deadlines requiring the filing of such motions."

With respect to service of process, it has been recognized that

a defendant may waive the defense [of insufficiency of service of process] even if he/she preserved the defense by including it in an answer. *Such a waiver may occur when there is undue delay in filing a motion so that the court may rule upon the issue.* When unjustifiable delay in bringing the defense for resolution produces a prejudice to the plaintiff, courts have found that the defendant has waived his/her right to assert the

---

[11]Mr. Luborsky claims that he did not receive service of process insofar as service was mailed to the wrong address. Notably, however, an answer was filed on his behalf by counsel and his defenses of inadequate service of process and lack of personal jurisdiction were raised therein.

[12]There is a distinction between the defenses of insufficient service of process and lack of personal jurisdiction; however, "[a] consequence that flows from insufficient service of process is that a trial court's presumptive personal jurisdiction is lacking when it is properly established that process was not served correctly." *Leslie Equip. Co. v. Wood Res. Co.*, 224 W. Va. 530, 541 n.9, 687 S.E.2d 109, 120 n.9 (2009) (Davis, J., dissenting).

8

defense. For example, a defendant cannot intentionally wait until after the statute of limitations has run on the plaintiff's claim before filing a motion for the court to resolve the issue. When such a delay occurs, courts will find the defendant waived the defense by being dilatory.

Franklin D. Cleckley, Robin Jean Davis, & Louis J. Palmer, Jr, *Litigation Handbook on West Virginia Rules of Civil Procedure* § 12(h)(1)[2][*d*], at 417 (4th ed. 2012) (emphasis added; footnotes omitted).[13] *See also King v. Taylor*, 694 F.3d 650, 658 (6th Cir. 2012) (recognizing that "[e]ven where a defendant properly preserves a Rule 12(b) defense by including it in an answer, he may forfeit the right to seek a ruling on the defense at a later juncture through his conduct during the litigation. . . . A defendant is required at some point to raise the issue by motion for the court's determination. . . . Waiting too long to do so can forfeit the defense," and finding defense waived where defendant participated in discovery, moved to amend scheduling order, joined plaintiff's request to extend discovery, and attended a status conference (footnote and internal quotations and citations omitted)); *Datskow v. Teledyne, Inc., Cont'l Prods. Div.*, 899 F.2d 1298, 1303 (2d Cir. 1990) (observing that "[a] delay in challenging personal jurisdiction by motion to dismiss has resulted in waiver, even where, as here, the defense was asserted in a timely answer," and concluding that defendant waived personal jurisdiction defense raised in answer when defendant attended conference with magistrate, participated in scheduling discovery and motion practice, and delayed a few months before raising defense by motion to dismiss); *Beyoglides v. Montgomery Cty. Sheriff*,

---

[13]Mr. Luborsky additionally contends that he was not served in compliance with Article XV of the *Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents*, Nov. 15, 1965, 20 U.S.T. 361, which governs international service of process between the United States and Canada. We note that claims asserting ineffective service under the Hague Service Convention also may be waived. *See, e.g., S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1167 (9th Cir. 2007) (finding waiver of claim of insufficient service based upon failure to comply with the Hague Convention where not raised in motion to vacate default judgment or in reply to opposition to motion in the district court); *Photolab Corp. v. Simplex Specialty Co.*, 806 F.2d 807, 811 (8th Cir. 1986) (holding district court properly determined foreign company waived objection to sufficiency of service because issue was not raised in pretrial motion or answer, and motion challenging sufficiency of process filed ten months after complaint did not raise Hague Convention); *Zisman v. Sieger*, 106 F.R.D. 194, 198 (N.D. Ill. 1985) ("[B]y failing to raise its objection to service based on the Hague Convention in the previous motion, when that objection was clearly available to it, [foreign company] has waived that objection to the sufficiency of service of process.").

166 F. Supp. 3d 915, 919 (S.D. Ohio 2016) (finding affirmative defense asserting insufficiency of process was forfeited where defendant, through counsel, raised the defense in answer; participated in discovery conference, jointly submitted report detailing agreed deadline for filing motions, joined in motions to extend pretrial deadlines, consented to jurisdiction of magistrate, disclosed witnesses, and waited more than a year after agreed deadline to file 12(b) motion); *Vozeh v. Good Samaritan Hosp.*, 84 F.R.D. 143 (S.D.N.Y. 1979) (finding defense of insufficient service was waived where raised in answer but not asserted by motion for nearly two years); 2 *Moore's Federal Practice* § 12.33[2], at 12-73 (3rd ed. 2015) ("Even though the defense [of insufficiency of process or service of process] is included in the answer, *the party must also at some point raise the issue by motion and seek the court's determination of the issue*. Waiting too long to do so may forfeit the defense. This is similar to the manner in which a personal jurisdiction defense may be waived by raising it in the answer without further asserting it (*see* § 12.31 [3]). In either situation, the court must ask whether the defendant's conduct in litigating before raising the defense has given the plaintiff a reasonable expectation that the defendant will defend the suit on the merits, *or whether the defendant has caused the court to go to some effort that would be wasted if the motion asserting the defense is granted*." (emphasis added))

Likewise, with respect to personal jurisdiction, the *Litigation Handbook on West Virginia Rules of Civil Procedure* observes that,

> [a]lthough Rule 12(h)(1) does not set out the period of time in which a party may contest personal jurisdiction, (other than the time for filing an answer) the defense must be made in a reasonably timely manner or it is waived. Thus, even if a defendant preserves the defense by including it in an answer, undue delay in challenging personal jurisdiction by a motion to dismiss may constitute waiver. A responsive pleading does not preserve the defense in perpetuity. When unjustifiable delay in contesting jurisdiction produces a prejudice on the plaintiff, courts are more apt to find that the defendant has waived his/her right to assert the defense.

§ 12(h)(1)[2][*a*], at 415-16 (footnote omitted). In the federal context, it has been similarly recognized that "[r]aising lack of personal jurisdiction in an answer, without further pressing the issue, has . . . been held to constitute waiver." 2 *Moore's Federal Practice* § 12.31[3], at 12-52. *See also Burton v. Northern Dutchess Hosp.*, 106 F.R.D. 477, 481 (S.D.N.Y. 1985) ("Defendants have literally complied with Rule 12(h)(1) by asserting the defense of lack of jurisdiction in their answers. These responsive pleadings, however, do not preserve the defense in perpetuity. Defendants are required at some point to raise the issue by motion for

the court's determination.").  Indeed, it has been explained that

> [e]ven if a defendant asserts the defense of lack of personal jurisdiction in its answer, . . . he or she may implicitly waive the defense in two ways.  First, a defendant may implicitly waive his or her lack-of-personal-jurisdiction defense by actively participating in the case–through, for example, filing counterclaims and third-party claims, participating in discovery and hearings, or filing dispositive motions on the merits of the plaintiff's claims. . . .  Second, a defendant may implicitly waive the defense by waiting a significant period after filing the answer to submit a rule 12(b)(2) motion.  Courts have found a waiver where defendants waited nine months, *see Schwartz v. M/V Gulf Supplier*, 116 F. Supp. 2d 831, 835 (S.D. Tex. 2000), two-and-a-half years, *see Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993), and three years, *see Hunger U.S. Special Hydraulics v. Hardie-Tynes Manf'g Co.*, 203 F.3d 835, 2000 WL 147392, at *2 (10th Cir. 2000) (unpublished), to file a rule 12(b)(2) motion after first asserting the defense in their answers.

*Fabara v. GoFit, LLC*, 308 F.R.D. 380, 393-94 (D.N.M. 2015), as amended (Aug. 20, 2015) (footnote omitted).  *See also Matthews v. Brookstone Stores, Inc.*, 431 F. Supp. 2d 1219, 1224-25 (S.D. Ala. 2006) ("[R]eview of persuasive authority from other jurisdictions discloses *two clear organizing principles for the 'waiver-by-conduct' analysis*.  First, courts pay close attention to the length of time that elapses between service of process and a defendant's pursuit of a personal jurisdiction defense via a Rule 12(b)(2) motion.  The longer the time interval, the more likely it is that courts will find a waiver. . . .  Second, in addition to the sheer passage of time, courts assessing whether there is a waiver by conduct look to the extent of the objecting defendant's involvement in the action.  The more active a defendant has been in litigating a case, the more likely it is that the defendant will be deemed to have waived defects in personal jurisdiction and impliedly consented to a court's jurisdiction."  (internal citations and footnote omitted)).

Under the specific circumstances presented in this case, we find the circuit court correctly determined that Mr. Luborsky waived his affirmative defenses of insufficient service and lack of personal jurisdiction by both delaying his assertion of the defenses and by participating in the action.  First, Mr. Luborsky waived his defenses by waiting an inordinate amount of time before bringing them before the circuit court for a ruling.  Indeed, a span of about two years and nine months elapsed between the filing of Mr. Luborsky's

11

answer to the Second Amended Complaint, which initially raised the defenses, and Mr. Luborsky finally bringing them before the circuit court for a ruling. During this time, Plaintiff Beauticians fully litigated their claims. Moreover, the statute of limitations on the Plaintiff Beauticians' claims expired prior to Mr. Luborsky finally seeking a ruling on his assertion of insufficient service of process and lack of personal jurisdiction; thus, to entertain these defenses at the late date they were finally raised would certainly have prejudiced the plaintiffs. In addition, Mr. Luborsky participated in the action through counsel by agreeing to a scheduling order that provided for dispositive motions to be filed on or before April 19, 2013; filing a pre-trial conference memorandum on June 14, 2013; filing a joint memorandum in opposition to the plaintiffs' motion for partial summary judgment; and agreeing to the dismissal of certain defendants. In addition to the foregoing grounds for affirming the circuit court's conclusion that Mr. Luborsky's claims of insufficient service and lack of personal jurisdiction were waived, we are further persuaded of the correctness of this conclusion by virtue of a letter in the record whereby Mr. Luborsky's counsel notified defendants Premier Salons, Inc.,[14] and Mr. Luborsky of counsel's withdrawal. Notably, the letter advised these defendants of the need to obtain new counsel and that adverse consequences could result from a failure to do so. Counsel's warnings were not heeded as neither Premier Salons, Inc., nor Mr. Luborsky, obtained new counsel to protect their interests, and neither participated further in the proceedings below. Such a willful neglect of rights will not be condoned by this Court.

In the appeal docketed as number 16-0329, Mr. Luborsky challenges the circuit court's "Second Order Denying Defendant Luborsky's Motion to Alter or Amend Judgment or for a New Trial," which was entered on March 3, 2016. Mr. Luborsky alleges that the circuit court erred in concluding that the Plaintiff Beauticians were wrongfully discharged; in awarding damages based upon police involvement on the day the Plaintiff Beauticians were discharged; in finding that he should be personally liable to the Plaintiff Beauticians on any of their claims; and in finding him liable under a piercing the corporate veil theory.

In its "Second Order Denying Defendant Luborsky's Motion to Alter or Amend Judgment or for a New Trial," the circuit court found in relevant part that,

> 20. [b]ased upon the procedural history in this matter outlined herein, each and every issue raised by Defendant Luborsky in his [motion] has been waived by virtue of Defendant Luborsky's failure and refusal to comply with the

---

[14]As noted previously, Mr. Luborsky served as President and CEO of Premier Salons, Inc.

repeated *Orders* of this Court. These *Orders* applied to all parties including Defendant Luborsky and were mailed to Defendant Luborsky, by service upon his former counsel as well as upon Defendant Luborsky directly at the address provided to the Court and opposing counsel by Luborsky's attorneys.

21. Defendant Luborsky nevertheless failed to respond and timely file any pleadings raising these matters and issues so that this Court might consider them at or before trial.

22. Defendant Luborsky's failure and refusal to comply with this Court's *Orders* have interfered with the timely administration of justice on behalf of Plaintiffs in this matter. Defendant Luborsky took no action to protect his interests or the interests of his corporations until *after* the entry of an *Order* assessing liability against him.

23. Defendant Luborsky should not, in light of the history set out herein, be relieved from the liability set forth in the Court's April 27, 2015, *Judgment Order*.

The circuit court went on to explain how its findings of fact and conclusions of law were supported by the record.

We agree with the circuit court's ruling. It is well established that, "[i]n the exercise of its appellate jurisdiction, this Court will not decide nonjurisdictional questions which were not considered and decided by the court from which the appeal has been taken." Syl. pt. 1, *Mowery v. Hitt*, 155 W. Va. 103, 181 S.E.2d 334 (1971). *Accord Evans v. Bayles*, 237 W. Va. 269, 275, 787 S.E.2d 540, 546 (2016); *In re Michael Ray T.*, 206 W. Va. 434, 444, 525 S.E.2d 315, 325 (1999); Syl. pt. 3, *Voelker v. Frederick Bus. Properties Co.*, 195 W. Va. 246, 465 S.E.2d 246 (1995); Syl. pt. 2, *Sands v. Security Trust Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958). *See also* W. Va. R. App. P. 10(c)(7) (setting out requirements for appellate brief and requiring, in relevant part, that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal"). Because Mr. Luborsky failed, during the trial of this matter, to present any facts supporting his position, any arguments as to how the facts presented supported his theories, or any legal arguments

13

supporting his theory of the case, he has waived them all.[15]

Based upon the foregoing analysis, we affirm the July 15, 2015, and March 3, 2016, orders of the Circuit Court of Wood County denying Mr. Luborsky's motion to alter or amend judgment and denying his motion for a new trial.[16]

Affirmed.

**ISSUED:** April 5, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[15]Mr. Luborsky also argues that "the circuit court improperly concluded that he waived his right to fundamental fairness (or due process), or, perhaps, his right to complain about fundamental fairness (or due process)." He cites only one case in this argument for the proposition that it "has always been the policy of this Court to protect each litigant's day in court." *Litten v. Peer*, 156 W. Va. 791, 799, 197 S.E.2d 322, 328 (1973). We summarily reject as inadequately briefed this cursory argument that fails to clearly set out a precise assignment of error. *See, e.g., State v. White*, 228 W. Va. 530, 541 n.9, 722 S.E.2d 566, 577 n.9 (2011) ("Typically, this Court will not address issues that have not been properly briefed."); *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but [which] are not supported with pertinent authority, are not considered on appeal."); *State, Dep't of Health & Human Res., Child Advocate Office v. Robert Morris N.*, 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995) ("[A] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim[.]" (internal quotations and citations omitted)).

[16]Because our affirmance is based solely on Mr. Luborsky's waiver, we do not reach the merits upon which relief was granted by the circuit court.

14