# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**March 13, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Larry J. Christain,**
**Plaintiff Below, Petitioner**

**vs.)   No. 19-0477** (Mingo County 17-C-169)

**Anita Booten,**
**Defendant Below, Respondent**


# MEMORANDUM DECISION


Petitioner Larry J. Christain, self-represented litigant, appeals the May 10, 2019, order of the Circuit Court of Mingo County dismissing without prejudice his civil action for lack of personal jurisdiction over Respondent Anita Booten. Respondent did not file a response.[1]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is reversed, and this case is remanded to the circuit court for further proceedings.

Petitioner is a resident of Mingo County, West Virginia. Respondent, whom petitioner identifies as his cousin's wife, resides in the Commonwealth of Kentucky. On March 3, 2016, respondent was indicted in the Pike County, Kentucky, Circuit Court of second-degree criminal possession of a forged instrument for "utter[ing] or possess[ing] checks in the amount of more than $500[,] to which the name of Larry Christian [sic] had been forged," between November 23, 2015,

---

[1]On May 31, 2019, this Court entered a scheduling order directing respondent to file a response by October 25, 2019. Despite this Court's order, respondent did not file a response. Pursuant to Rule 10(d) of the West Virginia Rules of Appellate Procedure, if a respondent fails to respond to an assignment of error, this Court will assume that the respondent agrees with petitioner's view of the issue. However, our decision to reverse the circuit court's order in this case is not solely based on respondent's failure to file a response.

and February 25, 2016. Respondent entered a guilty plea to the charged offense on August 19, 2016, and, on October 14, 2016, received a sentence of one year of incarceration and three years of probation.[2] The Pike County Circuit Court further ordered respondent to pay restitution to petitioner in the amount of $4,300. There is no dispute that respondent has paid restitution to petitioner.

On October 12, 2017, petitioner filed a civil action against respondent in the Mingo County, West Virginia, Circuit Court alleging that respondent inflicted emotional distress on him by stealing his checks and forging his name to make purchases. Petitioner sought $21,000 in damages. Respondent was served with petitioner's complaint by the Pike County, Kentucky, Sheriff in February 2018. Respondent filed an answer on March 14, 2018, in which she denied that she owed petitioner damages for emotional distress. Respondent did not raise lack of personal jurisdiction over her or insufficiency of service of process as defenses to petitioner's action.

On June 12, 2018, the Mingo County Circuit Court held a hearing on petitioner's request to enter his evidence into the record. The Mingo County Circuit Court explained that evidence was normally exchanged between parties during discovery, but asked respondent whether she objected to the court clerk accepting petitioner's evidence. Respondent raised no objection, and petitioner's evidence was entered into the record. By time frame order entered on August 13, 2018, the circuit court set the case for trial on May 16, 2019, and directed that any "Rule 12(b) [m]otions be filed 120 days before trial."

At an April 11, 2019, hearing, the Mingo County Circuit Court held a hearing regarding mediation and noted that "[respondent] hasn't filed any motions." By order entered on April 16, 2019, the Mingo County Circuit Court appointed a mediator, and mediation was subsequently unsuccessful.

Before the May 16, 2019, trial date, the Mingo County Circuit Court held an evidentiary hearing on May 9, 2019, as to whether it had personal jurisdiction over respondent, a Kentucky resident. By order entered on May 10, 2019, the Mingo County Circuit Court found that it did not have personal jurisdiction over respondent and dismissed, without prejudice, petitioner's action for that reason.

---

[2]The Pike County Circuit Court ordered that respondent serve the sentence of incarceration consecutive to two concurrent sentences of one year of incarceration imposed in a separate case against respondent, where she pled guilty to one count of second-degree criminal possession of a forged instrument and one count of fraudulent use of a credit card for stealing a credit card belonging to petitioner's sister. Time-stamped documents from respondent's Pike County, Kentucky, criminal cases, No. 16-CR-00052 and No. 16-CR-00066, are attached to petitioner's complaint in this case.

Petitioner now appeals the circuit court's May 10, 2019, order dismissing his action. We review the dismissal order de novo. *See* Syl. Pt. 2 of *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995).[3]

On appeal, petitioner argues that the circuit court erred in dismissing his action due to lack of personal jurisdiction over respondent. We agree. Rule 12(h)(1)(B) of the West Virginia Rules of Civil Procedure provides, in pertinent part, that "[a] defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived . . . (B) if it is neither made by motion under this rule [specifically, Rule 12(b)] nor included in a responsive pleading[.]"[4] *See State ex rel. Ford Motor Co. v. McGraw*, 237 W. Va. 573, 598, 788 S.E.2d 319, 344 (2016) (finding that "Rule 12(b)(2) . . . permits the defense of lack of personal jurisdiction to be asserted in the responsive pleading or by motion").

Here, respondent filed no Rule 12(b)(2) motion raising the issue of personal jurisdiction. While respondent filed an answer to petitioner's complaint, she failed to raise the issue in that responsive pleading. Therefore, based on our review of the record, we find that respondent waived the issue of personal jurisdiction and conclude that the circuit court erred in dismissing petitioner's action for that reason.[5]

For the foregoing reasons, we reverse the circuit court's May 10, 2019, order, dismissing petitioner's action and remand this case for further proceedings.[6]

Reversed and Remanded.

---

[3]Factual findings made by a circuit court at an evidentiary hearing on the issue of personal jurisdiction are reviewed deferentially. *See Easterling v. American Optical Corp.*, 207 W. Va. 123, 127, 529 S.E.2d 588, 592 (2000) (finding that the clearly erroneous standard of review applies in such a situation). However, as explained below, we find that the circuit court had no basis on which to hold the May 8, 2019, evidentiary hearing because respondent waived the issue of personal jurisdiction.

[4]In Syllabus Point 4 of *Blankenship v. Estep*, 201 W. Va. 261, 496 S.E.2d 211 (1997), we held:

> "Consent of parties cannot confer upon a court jurisdiction which the law does not confer, or confers upon some other court, although the parties may by consent submit themselves to the jurisdiction of the court. In other words, consent cannot confer jurisdiction of the subject-matter, but it may confer jurisdiction of the person." Syllabus Point 2, *Yates et al. v. Taylor County Court*, 47 W. Va. 376, 35 S.E. 24 (1900).

[5]We express no opinion as to the merits of petitioner's action.

[6]We dismiss as moot petitioner's August 30, 2019, motion for default judgment against respondent due to her failure to file a response.

**ISSUED**: March 13, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison